UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| BARBARA ARNOLD, ) <br>         Plaintiff, ) <br>    vs. ) <br> KRAF, INC., ) <br>         Defendant. ) <br>                                    ) | 2:12-cv-00304 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motion at Docket 14] |

**I.  MOTION PRESENTED**

At docket 14, defendant Kraf, Inc. ("defendant" or "Kraf") moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss plaintiff's Americans with Disabilities Act ("ADA") claim for lack of standing.  Plaintiff Barbara Arnold ("plaintiff" or "Arnold") opposes the motion at docket 15.  Defendant's reply is at docket 16.  Oral argument was requested but would not assist the court.

**II.  BACKGROUND**

Arnold is disabled after suffering a stroke.  She requires a walker or wheelchair for mobility.  Kraf owns and operates three Burger King restaurants in Mesa, Arizona, one at 9154 East Apache Trail, one at 5859 East McKellips Road, and one at 6820 Superstition Springs Blvd.  Arnold maintains that architectural features at each restaurant have denied her full and equal enjoyment of the services there in violation of

the ADA.[1]  Arnold has asserted one claim for injunctive relief under the ADA and one claim for compensatory damages under the Arizonans with Disabilities Act.

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[2]  Where the defendant brings a facial attack on the subject matter of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[3]  The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[4]

### IV.  DISCUSSION

Although defendant correctly identifies that Article III standing must be raised via a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), and not a motion to dismiss under Rule 12(b)(6), defendant at times confuses the applicable standard.[5]  "While review for failure to state a claim under 12(b)(6) is generally confined to the contents of the complaint, . . . in determining constitutional standing, 'it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.'"[6]  Therefore, even though standing must be pleaded in accordance

---

[1] *See* 42 U.S.C. § 12182(a).

[2] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[3] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[4] *Id.*

[5] *E.g.*, doc. 14 at 5, 7.

[6] *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

with the *Iqbal*[7] and *Twombly*[8] standards,[9] and even though defendant's challenge is "facial," the court is not limited to the allegations in the complaint in determining whether plaintiff actually has standing.[10]  Moreover, the availability of amendment means that an initial failure to adequately plead standing would not be fatal, provided that amendment would be curative.

To demonstrate Article III standing, Arnold must show 1) an injury in fact, 2) that is fairly traceable to Kraf's challenged actions, and 3) that her injury would likely be redressed by a favorable decision.[11]  "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [s]he must demonstrate a real and immediate threat of repeated injury in the future."[12]  A plaintiff can establish the threat of repeated injury in the future "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a non-compliant facility."[13]

**A. Injury**

A barrier interferes with a disabled person's access to a public accommodation if it affects the person's full and equal enjoyment of the facility in the context of the person's specific disability.  If a barrier does not conform to ADA standards, and if the barrier relates to a plaintiff's disability, the plaintiff's full and equal enjoyment is impaired

---

[7]*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[8]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[9]*See Chapman v. Pier 1 Imports*, 631 F.3d 939, 954–55 & n.9 (9th Cir. 2011).

[10]*Seldin*, 422 U.S. at 501.

[11]*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

[12]*Chapman*, 631 F.3d at 946 (footnote and internal quotation omitted).

[13]*Id.* at 944.

and that constitutes discrimination under the ADA.[14]  "That discrimination satisfies the 'injury-in-fact' element of *Lujan*."[15]

Defendant argues that plaintiff has not alleged that the architectural barriers identified in her complaint actually impeded her access to defendant's restaurants or "her ability to enjoy the goods and services provided" there.[16]  However, plaintiff need only show that she encountered a non-compliant barrier that relates to her disability.  "Actual impediment" is immaterial because it is presumed that a disabled person's full and equal enjoyment is impaired if the person encounters a non-compliant barrier.

The court agrees with defendant that many of the allegations in the complaint are formulaic recitations of various elements of an ADA claim or Article III standing.[17]  The complaint describes non-compliant architectural barriers, but there is no allegation that Arnold encountered them.  Arnold has not adequately pled injury-in-fact under the ADA.  However, Arnold attached a declaration to her response to defendant's motion.  In the declaration, plaintiff states that a non-compliant access aisle at one of Kraf's restaurants "has made maneuvering into the restaurant. . . difficult for me."[18]  Arnold also declares that she has encountered a non-compliant toilet stall and non-compliant parking spaces at the other locations, each of which have impaired her full and equal access to the restaurant.[19]

"Once a disabled individual has encountered . . . alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's

---

[14] *Id.* at 947.

[15] *Id.*

[16] Doc. 14 at 8.

[17] *See, e.g.*, doc. 1 ¶¶ 10–13 (elements of standing).

[18] Doc. 15-1 at 3.

[19] *Cf. Chapman*, 631 F.3d at 954–55.

conduct and capable of being redressed by the courts, and so he possesses standing under Article III."[20]  Therefore, the only remaining question is whether Arnold has been deterred or whether she has indicated an intent to return to defendant's restaurants.

**B.  Intent to Return**

Arnold's complaint states only that she "plans to return to the Property to enjoy the goods, services, privileges, advantages or accommodations being offered to non-disabled members of the public, but is deterred from returning because of discriminatory conditions."[21]  That allegation falls short of the federal pleading standard. Arnold's declaration, however, states that she intends to return to each of defendant's restaurant's monthly and more frequently if the alleged violations are cured.[22]  In addition, Arnold's declaration states that she has "visited each restaurant numerous times–at 9154 East Apache Trail about once per month, at 5859 East McKellips Road about once every two months, and at 6820 East Superstition Springs Blvd. about once every three months."[23]  Arnold has therefore established that she visited Kraf's restaurants regularly and that she will continue to do so in the future.  Arnold has therefore demonstrated an intent to return to Kraf's restaurants sufficient to confer Article III standing.

Because Arnold has shown at this preliminary stage an injury-in-fact under the ADA and an intent to return to the allegedly non-compliant establishments, Arnold has

---

[20] *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (2009).

[21] Doc. 1 ¶ 9.

[22] Doc. 15-1 at 3–4.

[23] *Id.* at 2.

1 demonstrated Article III standing.[24]  However, standing has not been adequately
2 pleaded, and Arnold's complaint must therefore be amended.[25]

### V.  CONCLUSION

For the reasons above, defendant's motion at docket 14 is **GRANTED**, and plaintiff's ADA claim is dismissed.  Plaintiff shall file an amended complaint within 14 days from the date of this order.

DATED this 12th day of June 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[24] *Chapman*, 631 F.3d at 944.

[25] *See id.* at 954, 955.